**FILED**
MAY 20 2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE**, *et al.*,<br><br>**Plaintiffs,**<br><br>v.<br><br>**FOUR DISTRCT COURT JUDGES,**<br><br>**Defendants.** | Case: 1:22–cv–01424<br>Assigned To : Unassigned<br>Assign. Date : 5/16/2022<br>Description: Pro Se Gen. Civ. (F–DECK)<br><br>Civil Action No. _____ |

## ORDER

Plaintiffs have moved to file under seal, see Pl. Application to Seal Case, the instant *pro se* action alleging a conspiracy by four judges of this Court to violate Plaintiffs' constitutional rights. See Compl. at 5–6. Because Plaintiffs caption the case "Jane Doe and John Doe v. 4 District Court Judges," the Court will construe their motion as a request to proceed under pseudonym as well. For the reasons set forth below, Plaintiffs' motion to seal the case and motion to proceed under pseudonym will both be denied, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. Before proceeding, the Court further notes that the instant motion has been directly referred to the undersigned Acting Chief Judge since the allegations made in the Complaint concern the Chief Judge. See D.D.C. LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . in any case not already assigned: motion to seal the complaint and motion to file a pseudonymous complaint"); see also D.D.C. LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

Generally, a complaint must state the names of the parties and address of the plaintiff. See FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); FED. R. CIV. P.

1

11(a) (requiring "[e]very pleading, written motion, and other paper," including submissions by an unrepresented party, to "be signed" with "the signer's address, e-mail address, and telephone number"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant.").  The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." In re Sealed Case, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing Courthouse News Serv. v. Planet, 947 F.3d 581, 589 (9th Cir. 2020)).  Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." Id. at 326 (internal quotation marks and alterations omitted) (quoting United States v. Microsoft Corp., 56 F.3d 1448, 1463 (D.C. Cir. 1995)).

     Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name and other filings may be redacted to protect privacy by limiting public access.  See, e.g., FED. R. CIV. P. 5.2 (a)(1)–(4) (requiring, "[u]nless the court orders otherwise," use of only initials for minors, and only partial birthdates and social-security, taxpayer-identification, and financial account numbers); FED. R.

Civ. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

Courts also, in special circumstances, may permit a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" Id. (quoting In re Sealed Case, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." In re Sealed Case, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. (citing James, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." Id. Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." In re Sealed Case, 971 F.3d at 326. In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well as the customary and

constitutionally-embedded presumption of openness in judicial proceedings." Microsoft Corp., 56 F.3d at 1464 (quoting James, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

Plaintiffs present no sufficiently specific or compelling justification for "the rare dispensation of anonymity." In re Sealed Case, 971 F.3d at 326. Plaintiffs assert an entitlement to "seal [the] case as a matter of course, so judicial power can extend to the whole entire case brought to the court," Compl. at 20, and yet proceeding under seal is a rare exception, not the norm, in federal proceedings. Plaintiffs demonstrate no need for secrecy or identify any consequences likely to befall them if they proceed with this case in their own names on the public docket.

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Application to Seal the Case is **DENIED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned; it is further

**ORDERED** that the plaintiffs must refile, by **5 PM EST** on **June 2, 2022**, the Complaint on the public docket using the plaintiffs' full names in accordance with this Memorandum and Order, or the case will be administratively closed; it is further

**ORDERED** that the plaintiffs must file, by **June 2, 2022**, the Application to Seal the Case on the public docket with any sensitive information redacted.

**SO ORDERED.**

Date: May 20, 2022

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge